IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| CONSTANCE GARY, | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | Civil Action No. 20-1632-RGA |
| DELUXE CORP., | : | |
| Defendant. | : | |

---

Constance Gary, New Castle, Delaware.  Pro Se Plaintiff.

Alessandra Glorioso, Esquire, Jillian Kornblatt, Esquire, and Trevor Brown, Esquire, Dorsey & Whitney (Delaware) LLP.  Counsel for Defendant

**<u>MEMORANDUM OPINION</u>**

July 19, 2022
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Constance Gary appears *pro se*. She commenced this lawsuit on November 30, 2020. (D.I. 1). The Amended Complaint, filed December 17, 2021, alleges employment discrimination under federal law and supplemental claims under Delaware law. (D.I. 23). Before the Court are Defendant's partial motion to dismiss and the "Parties Joint Stipulation to Settlement Conference" (D.I. 24, 27). The partial motion has been fully briefed. (D.I. 25, 26, 28).

I.   **BACKGROUND**

Plaintiff has been employed by Defendant and its predecessor company for many years. (D.I. 23 at 1). She filed an employment discrimination claim with the predecessor company that settled prior to Defendant's acquisition of the company. (*Id.*). Plaintiff alleges that since settling the lawsuit with the predecessor company, Defendant has subjected her to a retaliatory hostile work environment, and the hostile work environment continues to this day. (*Id.* at 3).

Plaintiff raises the following claims in the Amended Complaint: retaliatory hostile work environment and retaliation; defamation/defamation per se (slander); tortious interference with contract/breach of contract; breach of the covenant of good faith and fair dealing; breach of fiduciary duty; and intentional infliction of emotional distress. (D.I. 23 at 10-19). Defendant moves to partially dismiss pursuant to Rule 12(b)(6) on the grounds that the First Amended Complaint fails to plead sufficient facts to support all but her Title VII Retaliation/Retaliatory Hostile Work Environment claim. (D.I. 25). Defendant moves to dismiss the claims raised under Delaware law that include a defamation claim, contract claims (*i.e.*, breach of contract, tortious interference with

1

contract, breach of the covenant of good faith and fair dealing), a breach of fiduciary duty claim, and an intentional infliction of emotional distress claim.  Plaintiff opposes. (D.I. 26).

## II.    LEGAL STANDARDS

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Id.*  A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).  I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint."  *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002).  A complaint may not be dismissed, however,

"for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

## III.  DISCUSSION

### A.  Defamation/Defamation per se (Slander)

Plaintiff alleges that a "vicious rumor" about her "bad" hygiene spread throughout the workplace.  (D.I. 23 at 2).  The statements were made around the same time a former employee of Defendant told Plaintiff about them in "late 2018".  (*Id.*).  On unnamed dates, Plaintiff heard comments of the same nature and saw gestures relating to the rumor made by the "VP, managers and coworkers on the production floor and at day-shift meetings."  (*Id.*).  Plaintiff alleges the comments were untrue and intended to cause her reputational harm at the workplace.  (*Id.* at 12).  She alleges that Defendant is vicariously liable by reason of respondeat superior.  (*Id.* at 14).

Defendant argues that the First Amended Complaint fails to plead a defamation claim because it does not sufficiently identify the publisher of the alleged defamatory statements.  Alternatively, Defendant contends the claim is time-barred.

> Defamation is a tort divided into two categories: libel and slander. Libel is written defamation and slander is oral. In order to state a claim of defamation properly, a plaintiff must satisfy five elements: (1) defamatory communication; (2) publication; (3) the communication refers to the plaintiff; (4) a third party's understanding of the communication's defamatory character; and (5) injury. Claims of slander, (sic) generally require proof of special damages. However, if the defamation alleged falls within one of four categories, it is considered slander *per se*, requiring no proof of special damages. The four categories are: (1) maligning a person in his or her trade or business; (2) imputing a crime of moral turpitude; (3) implying that the person suffers from a loathsome disease; and (4) imputing unchastity to a woman.

*Esposito v. Townsend*, 2013 WL 493321, at *7-8 (Del. Super. Ct. Feb. 8, 2013) (footnotes omitted).

3

An employer can be held liable for its employee's defamation under respondeat superior.  *Cantrell v. Forest City Pub. Co*., 419 U.S. 245, 253 (1974); *see also Page v. Oath Inc*., 270 A.3d 833 (Del. 2022).  While the Amended Complaint does not specifically identify the person who allegedly defamed Plaintiff, it does allege that Defendant is responsible by reason of respondeat superior and, liberally construed, alleges the elements necessary to state a defamation/slander claim.

Defendant also seeks dismissal on the grounds that the claim is time-barred.  The original complaint was filed on November 30, 2020.  (D.I. 3).  In Delaware, the statute of limitations for defamation/slander is two years, 10 Del. C. § 8119.  *See DeMoss v. News-Journal Co*., 408 A.2d 944, 945 (Del. 1979); *Abbott v. Gordon*, 2008 WL 821522, at *23 (Del. Super. Ct. Mar. 27, 2008).  Attached to the original complaint is Plaintiff's charge of discrimination wherein she states, "I was continuously harassed by the Vice President, supervisors and coworker with comments about my feminine hygiene.  I have complained numerous times internally to employee relations, beginning December 20, 2018."  (D.I. 1-1 at 2).  The civil cover sheet speaks to Title VII claims and "other related state claims."  (D.I. 1-2).  The First Amended Complaint describes the defamation/slander as occurring in late 2018 (presumably by at least November 2018 when Plaintiff was told about it by a former employer) and describes the slander in a manner similar to that in the charge of discrimination.  It is undisputed that the two-year statute of limitations for defamation expired in late 2020.

Rule 15(c)(1)(b) allows relation back of any amendments that "assert[ ] a claim or defense that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading."  It is clear that a common core of operative facts

4

exists between the complaint and the First Amended Complaint and, therefore, I conclude that the defamation/slander claim relates back to the original complaint. Plaintiff's defamation/ slander claims are timely and are not time-barred.

For the reasons discussed, the Court will deny Defendant's motion to dismiss the defamation/slander claim.

**B.    Contract Claims: Breach of Contract; Tortious Interference with a Contract; Breach of the Covenant of Good Faith and Fair Dealing**

On March 24, 2020, a meeting was held and employees were advised of Defendant's COVID 19 leave policy.  (D.I. 23 at 14).  Employees were informed they could take unpaid leave for childcare related reasons.  (*Id.*).  Plaintiff alleges that she and Defendant had a COVID-19 unpaid leave contract by reason of email correspondence between Plaintiff and her manager, and that the terms and conditions of Plaintiff's leave were made clear when Plaintiff was informed she would be placed on unpaid leave until schools reopened.  (*Id.*).  Plaintiff alleges that Defendant tortiously interfered with and/or breached the contract when it threatened Plaintiff with termination of employment if she did not accept new contract terms and forced Plaintiff to use unaccrued time to pay for the leave, caused Plaintiff not to accrue time, treated Plaintiff as a furloughed employee with no guarantee of a return to assignment as opposed to an employee on leave, forced Plaintiff to return to work before school officially reopened, failed to acknowledge the existence of Plaintiff's contract with her manager, and unilaterally used unaccrued time to pay Plaintiff via mail (as opposed to direct deposit).  (*Id.* at 4, 15).

Plaintiff alleges that when she entered the unpaid leave contract, there was an offer of unpaid leave for childcare related needs, she accepted, and the length of the

5

contract term was until schools reopened.  (*Id*. at 15).  Plaintiff alleges that that there was no mention of time not accruing or a requirement to use unaccrued time until it ran out, when Plaintiff would then be expected to return to work.  (*Id*).

Finally, Plaintiff alleges that "because a contract existed between [Plaintiff] and her manager and [Defendant] tortiously interfered with and breached its manager's contract with her, [Defendant] is liable for breach of [the] covenant" of good faith and fair dealing.  (D.I. 23 at 16).  Plaintiff alleges that it was through Defendant's deceit and misrepresentation that she entered into the unpaid leave contract with her manager. She relied upon Defendant/Defendant representative's deceitful misrepresentations to remain in her position and retain job stability through the pandemic.  She accepted the offer to go on unpaid leave of absence in relation to her childcare needs.  (*Id*.).

Defendant moves for dismissal of the contract claims on the grounds that they are not adequately pled as they fail to plead the existence of a contract, a party cannot tortiously interfere with its own contract and the only contract alleged is between Plaintiff and Defendant, and the First Amended Complaint fails to adequately plead breach of the covenant of good faith and fair dealing.

The plaintiff in a contract action must prove by a preponderance of the evidence the existence of an offer of a contract by one party; an acceptance of that offer by the other party; consideration for the offer and acceptance; and sufficiently specific terms that determine the obligation of each party. *See Fanean v. Rite Aid Corp.*, 984 A.2d 812, 822 (Del. Super. Ct. 2009).  To state a claim for breach of contract, a plaintiff must establish that a contract existed; the defendant breached an obligation imposed by the

contract; and that the breach damaged the plaintiff. *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003).

To state a claim for tortious interference with contractual relations, "[t]here must be (1) a contract, (2) about which defendant knew and (3) an intentional act that is a significant factor in causing the breach of such contract (4) without justification (5) which causes injury." *Irwin & Leighton, Inc. v. W.M. Anderson Co.*, 532 A.2d 983, 992 (Del. Ch. 1987) (citing Restatement (Second) of Torts § 766 (1979)).

"To state a claim for breach of the implied covenant of good faith and fair dealing, [a plaintiff] must allege (1) a specific implied contractual obligation; (2) a breach of the obligation by the defendant; and (3) resulting damage to the plaintiff." *O'Neill v. AFS Holdings*, LLC, 2014 WL 626031, at *4 (Del. Super. Ct.  Jan. 15, 2014) (quoting *Fitzgerald v. Cantor*, 1998 WL 842316, at * 1 (Del. Ch. Nov. 10, 1998)). The implied covenant has a "narrow purpose" and is "only rarely invoked successfully."  *O'Neill*, 2014 WL 626031, at *4.

The First Amended Complaint alleges that Plaintiff entered into an unpaid leave contract when she accepted an offer of unpaid leave for childcare related needs, the contract ending when schools reopened.  The First Amended Complaint alleges the existence of a contract in a conclusory manner.  It recites some elements of a contract – offer, acceptance, vague terms – but not consideration.  It alleges that the contract is based upon an email Plaintiff received from her manager, yet the First Amended Complaint indicates that the email is based upon the COVID-19 leave policy discussed with employees during a March 24, 2020 meeting.  The allegations indicate that the COVID-19 leave policy was a unilateral expression of Defendant's policy to provide

7

guidance to its employees and, as such, does not establish contract rights. *See, e.g.,*
*Heideck v. Kent General Hosp., Inc.*, 446 A.2d 1095, 1097 (Del. 1982) (employer's
informational booklet was a unilateral expression of employer's policies and procedures
issued for guidance and benefits of employees); *Torres v. Sussex County Council*, 2014
WL 7149179, at *8 (Del. Super. Ct. Dec. 8, 2014) (an employer's internal guidelines are
a mere unilateral expression of an employer's policies and do not establish contract
rights.).

The First Amended Complaint fails to allege the existence of a contract, which is
an essential element to all the contract claims raised by Plaintiff. Therefore,
Defendant's motion to dismiss the contract claims will be granted.

### C.   Breach of Fiduciary Duty

Plaintiff alleges that employers have a statutory duty to protect employees from
retaliatory hostile work environment and retaliation and a common law duty of care for
the wellbeing, health, and safety of their employees. (D.I. 23 at 16). Plaintiff alleges
that Defendant is liable for breaching its duty to protect her from its corporate managers,
site managers, and employees who engaged in conduct with the intent to cause her
harm. (*Id.* at 18). Defendant moves for dismissal on the grounds that employers do not
have a fiduciary duty to employees under Delaware common law.

Under Delaware law, "[a] claim for breach of fiduciary duty requires proof of two
elements: (1) that a fiduciary duty existed and (2) that the defendant breached that
duty." *Beard Research, Inc. v. Kates*, 8 A.3d 573, 601 (Del. Ch. 2010). In deciding
whether a fiduciary relationship exists, the Court may consider factors including
whether: "(1) a party places trust in the faithful integrity of another who thus gains

8

superiority or influence; (2) one party assumes control and responsibility over another; (3) one party has a duty to act or give advice for matters within the relationship; and (4) there is a traditionally recognized fiduciary relationship. *Cunningham v. Kentmere Rehab. & Healthcare Ctr., Inc.*, 2021 WL 1157991, at *3 (Del. Super. Ct. Mar. 25, 2021) (internal citations omitted).  An employee-employer relationship does not, standing alone, give rise to fiduciary duties.  *See Wayman Fire Protection, Inc. v. Premium Fire & Security, LLC*, 2014 WL 897223 at *20 (Del. Ch. Mar. 5, 2014).  Moreover, while the allegations support Plaintiff's Title VII claims, they do not plausibly allege the existence of a fiduciary duty sufficient to state a claim.  Accordingly, Defendant's motion to dismiss the breach of fiduciary duty claim will be granted.

### D.    Intentional Infliction of Emotional Distress

Finally, Plaintiff alleges intentional infliction of emotional distress.  She claims that Defendant is liable for her severe emotional and physical distress which Defendant's HR and ER representatives intended to cause by failing to investigate her complaints, telling Plaintiff she would have to deal with the conduct, and that the conduct was appropriate and acceptable to it.  (*Id*. at 18-19).  Defendant moves for dismissal of the intentional infliction of emotional distress claim on the grounds that the First Amended Complaint fails to plead a claim.

Delaware applies Restatement (Second) of Torts § 46 in defining the elements of intentional infliction of emotional distress.  *See Cummings v. Pinder*, 574 A.2d 843, 845 (Del.1990) (per curiam).  That section imposes liability, in relevant part, on "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional

distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."

The claim for infliction of emotional distress is not supported by sufficient factual allegations. The facts do not suggest Defendant's conduct was extreme or outrageous, or that Plaintiff suffered emotional distress so severe as to give rise to an actionable claim. *See Subh v. Wal-Mart Stores East, LP*, 2009 WL 866798, at *19-20 (D. Del. Mar. 31, 2009) (finding no extreme and outrageous conduct where the employee-plaintiff remained employed by the defendant-employer for several months of allegedly severe discrimination), *report & rec. adopted*, 2009 WL 3153511, at *2 (D. Del. Sept. 30, 2009), *aff'd*, 386 F. App'x 29 (3d Cir. 2010).  To the extent that Plaintiff's intentional infliction of emotional distress claim relies on the same operative facts used to support her other claims, the claim must fail as a matter of law. *Talley v. Christiana Care Health Sys.*, 2018 WL 5045363, at *4 (D. Del. Oct. 17, 2018) (finding that plaintiff's intentional infliction of emotional distress claim fails where it "sounds a lot like Plaintiff re-casting her breach of contract claim as a claim for intentional infliction of emotional distress"); *Barker v. Huang*, 610 A.2d 1341, 1351 (Del. 1992) ("[A]n independent action for intentional infliction of emotional distress does not lie where [] the gravamen of the complaint sounds in defamation.").  Plaintiff's intentional infliction of emotional distress claim rests largely on the factual bases for her other claims and, therefore, the Court will grant Defendant's motion to dismiss this claim.

## IV.    CONCLUSION

For the above reasons, the Court will: (1) grant in part and deny in part Defendant's partial motion to dismiss (D.I. 24); and (2) dismiss all contract, breach of fiduciary, and intentional infliction of emotional distress claims.  Amendment of the dismissed claims would be futile.  Plaintiff has already amended her complaint once, and the dismissed claims are not viable theories of liability for the set of factual circumstances that Plaintiff alleges.

The Court notes the request for mediation is a request that I mediate the case. (D.I. 27).  I am going to deny that request without prejudice to renew after Defendant answers the Amended Complaint.  If the parties truly want a successful mediation, I tend to think a request for a referral to a magistrate judge for the purpose of ADR would make more sense.

A separate order shall issue.